# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

ERIC WILLIAMS,

                Plaintiff,                CASE NO. 18-cv-012

    v.

ANMOL, LLC,
D/B/A ANMOL RESTAURANT
    and
MOHAMMAD ASHRAF PATEL,

                Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiff Eric Williams against his former employers Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel. Defendants Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel have operated the Anmol Restaurant in Milwaukee, Wisconsin at all times relevant to this complaint. Plaintiff Eric Williams worked as a back-of-house employee for Defendants Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel at times since July 5, 2014. Since July 5, 2014, Defendants Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel have had a common practice and a policy of failing to pay Plaintiff Williams at the proper minimum wage rate for all hours worked in a workweek and at a rate of one and one-half times his regular rates for all hours worked in excess of forty in any given workweek in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws.

2.     Plaintiff Eric Williams brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Eric Williams also brings this action for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid overtime compensation, agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

4.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel have substantial and systematic contacts in this district.

## PARTIES

Case 2:18-cv-00012-WED   Filed 01/03/18   Page 2 of 10   Document 1

6.     Defendant Anmol, LLC d/b/a Anmol Restaurant ("Anmol") is a Wisconsin Limited Liability Company with its principal place of business in Milwaukee, Wisconsin.

7.     Anmol's registered agent for service process in the State of Wisconsin is Mohammad Ashraf Patel located in Milwaukee, Wisconsin.

8.     Defendant Mohammad Ashraf Patel ("Patel") is an adult resident of Kenosha County in the State of Wisconsin.

9.     Defendant Patel oversees the day-to-day operations of Anmol and has operational control of the company. Defendant Patel has control over all human resources and compensation aspects of Anmol's operation. Defendant Patel can hire, fire, and discipline employees and has determined the rates and methods of compensation for Anmol's employees, including Plaintiff Eric Williams' compensation.

10.     Joinder of Defendants is proper pursuant to Fed.R.Civ.P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

11.     Defendants were joint employers.

12.     Anmol and Patel will be collectively referred to hereinafter as "Defendants."

13.     Plaintiff Eric Williams ("Williams") is an adult who resides in Milwaukee County in the State of Wisconsin.

## GENERAL ALLEGATIONS

14. Plaintiff Williams and Defendants entered into a series of Tolling Agreements which tolled the statutes of limitation under the FLSA and Wisconsin State Law applicable to Plaintiff's claims between July 5, 2017 and January 12, 2018.

15. Plaintiff Williams was a long-time employee of Defendants first working for Defendants in or around 2005.

16. Since July 5, 2014, Defendants have operated the Anmol Restaurant located in Milwaukee, Wisconsin.

17. Anmol Restaurant serves Pakistani and Indian cuisine both in its restaurant dining area and through catering services.

18. At times since July 5, 2014, Plaintiff Williams worked as a cook and dishwasher in the kitchen at Defendants' restaurant.

19. At times since July 5, 2014, Defendants compensated Plaintiff Williams less than $7.25 for all hours worked each workweek.

20. At times since July 5, 2014, Plaintiff Williams worked in excess of forty hours per workweek, including at times working between 60 to 72 hours per workweek.

21. At times since July 5, 2014, Defendants have regularly suffered or permitted Plaintiff Williams to work in excess of forty hours in a workweek as a cook and dishwasher at Anmol Restaurant.

22.     Since July 5, 2014, Defendants' uniform policy and practice has been to compensate Plaintiff Williams at the same hourly rate for all hours worked, including hours worked in excess of forty in a given workweek.

23.     Defendants have failed to compensate Plaintiff Williams at a rate of one and one-half times his regular rate in workweeks which he worked more than forty hours since July 5, 2014.

24.     As a result of Defendants' uniform policy to pay Plaintiff Williams at the same hourly rate regardless of the number of hours of work performed, Plaintiff Williams was not paid overtime compensation at various times since July 5, 2014.

25.     Since July 5, 2014, Defendant Patel has overseen the day-to-day operations of Anmol and has operational control of the company. Defendant Patel has had control over all human resources and compensation aspects of Anmol's operation. Defendant Patel has hired, fired, and disciplined employees and has determined the rates and methods of compensation for employees working at the Anmol Restaurant.

26.     Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Williams.

## FIRST CLAIM FOR RELIEF
## Violation of the FLSA – Minimum Wage and Overtime Violations

27.     Plaintiff Williams reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

28.     Since July 5, 2014, Plaintiff Williams has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

29.     Anmol is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

30.     Since July 5, 2014, Anmol was an employer of Plaintiff Williams as provided under the FLSA.

31.     Since July 5, 2014, Patel was an employer of Plaintiff Williams as provided under the FLSA.

32.     As a result of the above alleged practices, Defendants violated the FLSA by failing to compensate Plaintiff Williams at the proper minimum wage rate for all forty hours worked in a workweek since July 5, 2014.

33.     As a result of the above alleged practices, Defendants violated the FLSA by failing to account for and compensate Plaintiff Williams for overtime compensation at a rate of one and one-half times his respective regular rate for all hours worked in excess of forty (40) hours in a workweek since July 5, 2014.

34.     Plaintiff Williams is entitled to damages equal to his overtime premium pay for all hours worked in excess of 40 in any workweek since July 5, 2014, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

35.     Defendants failure to properly compensate Plaintiff Williams was willfully perpetrated and Plaintiff Williams is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

36.    Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Williams is entitled to an award of pre-judgment interest at the applicable legal rate.

37.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Williams is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

**SECOND CLAIM FOR RELIEF**
<u>**Violation of Wisconsin Law – Unpaid Minimum and Overtime Wages**</u>

38.    Plaintiff Williams re-alleges and incorporates all previous paragraphs as if they were set forth herein.

39.    Since July 5, 2015, Plaintiff Williams was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

40.    Since July 5, 2015, Plaintiff Williams was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

41.    Since July 5, 2015, Plaintiff Williams was an employee within the meaning of Wis. Stat. §§ 104.01 *et seq.*

42.    Since July 5, 2015, Plaintiff Williams was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

43.    Since July 5, 2015, Plaintiff Williams was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

44.    Since July 5, 2015, Anmol was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

Case 2:18-cv-00012-WED   Filed 01/03/18   Page 7 of 10   Document 1

45.     Since July 5, 2015, Anmol was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

46.     Since July 5, 2015, Anmol was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

47.     Since July 5, 2015, Anmol was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

48.     Since July 5, 2015, Anmol was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

49.     Since July 5, 2015, Patel was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

50.     Since July 5, 2015, Patel was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

51.     Since July 5, 2015, Patel was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

52.     Since July 5, 2015, Patel was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

53.     Since July 5, 2015, Patel was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

54.     Since July 5, 2015, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Williams the proper minimum wage rate for all hours worked in a workweek.

Case 2:18-cv-00012-WED   Filed 01/03/18   Page 8 of 10   Document 1

55. Since July 5, 2015, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff Williams overtime compensation for all hours worked in excess of forty hours in a workweek.

56. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

57. The foregoing conduct, as alleged above, constitutes willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

58. As set forth above, Plaintiff Williams has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Williams seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

59. Under Wis. Stat. § 109.11, Plaintiff Williams is entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

60. Plaintiff Williams seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the Wisconsin law.

<u>REQUEST FOR RELIEF</u>

**WHEREFORE**, Plaintiff Williams, requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

b) An order finding that Defendants' violated the FLSA and Wisconsin wage and hour laws;

c) An order finding that these violations were willful, dilatory, and unjust;

d) Judgment against Defendants in the amount equal to Plaintiff Williams' unpaid wages at the applicable overtime rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

f) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post judgment interest; and

g) Such further relief as the Court deems just and equitable.


Dated this 3rd day of January, 2018.

Respectfully submitted,


_s/ Larry A. Johnson_
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail:    ljohnson@hq-law.com
        smurshid@hq-law.com
        tmaynard@hq-law.com

Attorneys for Plaintiff

Case 2:18-cv-00012-WED   Filed 01/03/18   Page 10 of 10   Document 1