IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ERIC WILLIAMS
        Plaintiff,

v.

ANMOL, LLC.
D/B/A ANMOL RESTAURANT
        and
MOHAMMAD ASHRAF PATEL
        Defendants

Case No. 18 CV 012

## ANSWER
### On Behalf of ANMOL, LLC. d/b/a ANMOL RESTAURANT

NOW COME Defendant, Anmol, LLC., d/b/a Anmol Restaurant (hereinafter "Defendant"), appearing *Pro Se* for an answer to Plaintiff's Complaint, hereby admit, deny, and allege as follows:

1. As to Paragraph 1 of the Complaint, admit that Anmol, LLC d/b/a Anmol Restaurant is the former employer of Plaintiff; admit that Mohammad Ashraf Patel is the owner of Anmol, LLC d/b/a/ Anmol Restaurant; admit that Plaintiff was formerly employed by Defendant Anmol, LLC d/b/a Anmol Restaurant and assert that Mohammad Ashraf Patel individually is not Plaintiff's former employer and is not properly joined in this matter; deny the allegations as to Defendant's common practices and policies in failing to pay Plaintiff at proper wages; deny alleged violations of the Fair Labor Standards Act of 1938 and Wisconsin wage and hour laws and; deny the remaining allegations on grounds that such allegations are vague and ambiguous.

2. As to Paragraph 2 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation and therefore deny and put Plaintiff to his proof thereof.

3. As to Paragraph 3 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation and therefore deny and put Plaintiff to his proof thereof.

4. As to Paragraph 4 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation and therefore deny and put Plaintiff to his proof thereof.

5. As to Paragraph 5 of the Complaint, Defendant Anmol, LLC, d/b/a Anmol Restaurant lacks knowledge and information sufficient to form a belief as to the truth of the allegation and therefore deny and put Plaintiff to his proof thereof and asserts that individually Defendant Mohammad Ashraf Patel did not have substantial and systematic contacts in this district relative to this matter.

6. As to Paragraph 6 of the Complaint, admit.

7. As to Paragraph 7 of the Complaint, admit.

8. As to Paragraph 8 of the Complaint, admit but asserts that individually Mohammad Ashraf Patel is not properly joined in this matter.

9. As to Paragraph 9 of the Complaint, deny on grounds that the allegations are vague and ambiguous and put Plaintiff to his proof thereof and asserts that at all times relevant to the allegations Mohammad Ashraf Patel acted in his capacity as the owner of Anmol, LLC., d/b/a Anmol Restaurant and not as an individual.

10. As to Paragraph 10 of the Complaint, deny.

11. As to Paragraph 11 of the Complaint, deny.

12. As to Paragraph 12 of the Complaint, deny.

13. As to Paragraph 13 of the Complaint, admit that Eric Williams is an adult but deny the remaining allegations on grounds of a lack of sufficient knowledge.

14. As to Paragraph 14 of the Complaint, deny.

15. As to Paragraph 15 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but assert that Plaintiff alleges claims which are barred

by the statute of limitations; deny the remaining allegations on grounds that such allegations are vague and ambiguous.

16. As to Paragraph 16 of the Complaint, admit.

17. As to Paragraph 17 of the Complaint, admit.

18. As to Paragraph 18 of the Complaint, admit but assert that Plaintiff's allegations based on the grounds of such employment as of that date are barred by the statute of limitations.

19. As to Paragraph 19 of the Complaint, deny.

20. As to Paragraph 20 of the Complaint, deny and put Plaintiff to his proof on grounds that the allegations are vague and ambiguous.

21. As to Paragraph 21 of the Complaint, deny.

22. As to Paragraph 22 of the Complaint, deny.

23. As to Paragraph 23 of the Complaint, deny.

24. As to Paragraph 24 of the Complaint, deny.

25. As to Paragraph 25 of the Complaint, deny all allegations relative to Defendant Mohammad Ashraf Patel as an individual and put Plaintiff to his proof on the remaining allegations on grounds that such allegations are vague and ambiguous and lack specificity.

26. As to Paragraph 26 of the Complaint, deny.

27. As to Paragraph 27 of the Complaint, Defendant Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel hereby reallege their responses to the allegations above and incorporate by reference each of the foregoing, as well as any of the allegations included in other claims below.

28. As to Paragraph 28 of the Complaint, deny and put Plaintiff to his proof ton grounds that the allegations are vague and ambiguous and assert that such claims are barred by the statute of limitations.

29. As to Paragraph 29 of the Complaint, deny.

30. As to Paragraph 30 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and Defendant asserts that allegations arising from such date are barred by the statute of limitations.

31. As to Paragraph 31 of the Complaint, deny.

32. As to Paragraph 32 of the Complaint, deny and put Plaintiff to his proof on grounds that the allegations are vague and ambiguous and Defendant asserts that allegations arising from such date are barred by the statute of limitations.

33. As to Paragraph 33 of the Complaint, deny and put Plaintiff to his proof on grounds that the allegations are vague and ambiguous and Defendant asserts that allegations arising from such date are barred by the statute of limitations.

34. As to Paragraph 34 of the Complaint, deny and put Plaintiff to his proof on grounds that the allegations are vague and ambiguous and Defendant asserts that allegations arising from such date are barred by the statute of limitations.

35. As to Paragraph 35 of the Complaint, deny.

36. As to Paragraph 36 of the Complaint, deny.

37. As to Paragraph 37 of the Complaint, deny.

38. As to Paragraph 38 of the Complaint, Defendant Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel hereby reallege their responses to the allegations above and incorporate by reference each of the foregoing, as well as any of the allegations included in other claims below.

39. As to Paragraph 39 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff's claims are barred by the statute of limitations.

40. As to Paragraph 40 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

41. As to Paragraph 41 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

42. As to Paragraph 42 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

43. As to Paragraph 43 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

44. As to Paragraph 44 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

45. As to Paragraph 45 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

46. As to Paragraph 46 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

47. As to Paragraph 47 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

48. As to Paragraph 48 of the Complaint, admit that Plaintiff was an employee of Anmol Restaurant with intermittent employment for various periods but deny the remaining allegations on grounds that such allegations are vague and ambiguous and assert that Plaintiff alleges claims which are barred by the statute of limitations.

49. As to Paragraph 49 of the Complaint, deny.

50. As to Paragraph 50 of the Complaint, deny.

51. As to Paragraph 51 of the Complaint, deny.

52. As to Paragraph 52 of the Complaint, deny.

53. As to Paragraph 53 of the Complaint, deny.

54. As to Paragraph 54 of the Complaint, deny.

55. As to Paragraph 55 of the Complaint, deny.

56. As to Paragraph 56 of the Complaint, deny on grounds that Plaintiff's statements are conclusory in nature and do not contain facts or allegations specific to this matter.

57. As to Paragraph 57 of the Complaint, deny.

58. As to Paragraph 58 of the Complaint, deny.

59. As to Paragraph 59 of the Complaint, deny.

60. As to Paragraph 60 of the Complaint, deny.

## AFFIRMATIVE DEFENSES

61. Defendant Anmol, LLC d/b/a Anmol Restaurant hereby realleges its responses to the allegations above and incorporate by reference each of the foregoing, as well as any of the allegations therein.

62. Plaintiff has failed to state a claim upon which relief can be granted.

63. Plaintiff asserts claims which are barred by the statute of limitations.

64. The Complaint does not contain sufficient specific factual allegations to support Plaintiff's claim for relief.

65. The Court may lack proper jurisdiction.

66. Defendant Anmol, LLC d/b/a Anmol Restaurant reserves the right to amend its affirmative defenses as discovery continues.

WHEREFORE, Defendant Anmol, LLC d/b/a Anmol Restaurant hereby requests the following relief:

A. Judgment dismissing Plaintiff's Complaint and all claims against Anmol, LLC d/b/a Anmol Restaurant and Mohammad Ashraf Patel on their merits and with prejudice.

B. Judgment for costs in defending this action.

C. Such further relief as the Court may deem appropriate and equitable.

Dated this 22nd of January 2018.

Respectfully Submitted,

Mohammad Ashraf Patel
On Behalf of Anmol, LLC
d/b/a Anmol Restaurant
711 W. Historic Mitchell Street
Milwaukee, WI 53204-3529
(414) 672-7878